## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-CR-52-GKF |
| RAYMOND DALE DUDLEY, | |
| Defendant. | |

### Plea Agreement Pursuant to
### Federal Rule of Criminal Procedure 11(c)(1)(C)

The United States of America, by and through Clinton J. Johnson, United States Attorney for the Northern District of Oklahoma, and Chantelle Dial and Valeria Luster, Assistant United States Attorneys, and the defendant, Raymond Dale Dudley, in person and through counsel, Matthew Tarvin, respectfully inform the Court that they have reached the following plea agreement, pursuant to Fed. R. Crim. P. 11(c)(1)(C).

1.   **Plea**

The defendant agrees to enter voluntary pleas of guilty to the following:

**Count One: Aggravated Sexual Abuse of a Minor under 12 in Indian Country, 18 U.S.C. §§ 1151, 1153, and 2241(c); and**

**Count Two: Sexual Abuse of a Minor in Indian Country, 18 U.S.C. §§ 1151, 1153, and 2243(a)**

Defendant's Initials

as set forth in the Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

## 2.   Waiver of Constitutional Rights

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

 a.  the right to be indicted if proceeding by Information;

 b.  the right to plead not guilty;

 c.  the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

 d.  at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

 e.  the defendant has the right to assist in the selection of the jury;

 f.  during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

 g.  the defendant has the right to confront and cross-examine witnesses against the defendant;

 h.  if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

 i.  if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

 j.  if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

2

Defendant's Initials

k. at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence; and

l. any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that the defendant may have to answer questions posed to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

## 3.  Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a.  The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b.  The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

c.  The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, including any assessment, forfeiture, restitution order, the length of term of supervised release and any condition of supervised release, except for claims of ineffective assistance of counsel.

Revised 02-28-20

Defendant's Initials

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

_Raymond Dale Dudley_
Raymond Dale Dudley

### 4.    Freedom of Information Act Waiver

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### 5.    Rule 11 Rights Waiver

The defendant knowingly and expressly waives all of the rights afforded defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure. In other words, after entry of a plea made pursuant to this plea agreement, and in consideration thereof, the following shall be admissible against the defendant:

a.  A plea of guilty which is later withdrawn or which the defendant seeks to withdraw, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C);

b.  Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty; and

c.  Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter

Revised 02-28-20

Defendant's Initials

agreement, which result in a plea of guilty later withdrawn, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C).

### 6.   Waiver of Right to Jury Trial on Sentencing Factors

The defendant, by entering this plea, also waives the right to have facts that determine the offense level under the Sentencing Guidelines (including facts that support any specific offense characteristic or other enhancement or adjustment) (1) charged in the Indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly consents to have the sentence based on facts to be established by a preponderance of the evidence before the sentencing judge pursuant to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v. Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any reliable evidence without regard to its admissibility at trial. The defendant explicitly acknowledges that his plea to the charged offenses authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code. The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

### 7.   Payment of Monetary Penalties

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under



Defendant's Initials

oath, not later than two weeks after the date of this plea agreement. The defendant understands that, by law, interest accrues on any remaining balance of the debt.

That monetary penalties imposed by the Court will be (i) subject to immediate enforcement as provided for in 18 U.S.C. Section 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

## 8.   Restitution for Offense of Conviction

The defendant understands that the Court can order the defendant to pay restitution for the full loss caused by defendant's conduct set forth above. The defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. At this time, the Government is not aware of any losses suffered by S.D.; however, if the Government receives documentation of any monetary losses, it will provide that information to counsel and the Court ahead of Sentencing.

The defendant understands that restitution is mandatory without regard to the defendant's ability to pay.

## 9.   Restitution not Dischargeable in Bankruptcy

The defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

6

Revised 02-28-20



Defendant's Initials

10. <u>**Special Assessment**</u>

The defendant hereby agrees to pay the total amount required for the Special

Monetary Assessment ($100 per felony count) to the United States District Court

Clerk before the time of the sentencing hearing or as directed by the District Court.

The defendant hereby agrees to pay, if imposed by the court, a special monetary

assessment of $5,000 per count, pursuant to 18 U.S.C. § 3014.

11. <u>**Factual Basis and Elements**</u>

For Count One, the elements that the United States must prove beyond a

reasonable doubt in order to convict under Title 18, United States Code, Sections

1151, 1153, and 2241(c) are as follows:

| | |
|---|---|
| First: | The defendant knowingly engaged in sexual acts with the victim; |
| Second: | At the time of the sexual acts, the victim had not attained the age of 12 years old; |
| Third: | The defendant is an Indian; and |
| Fourth: | The sexual acts occurred in Indian country within the Northern District of Oklahoma. |

For Count Two, the elements that the United States must prove beyond a

reasonable doubt in order to convict under Title 18, United States Code, Sections

1151, 1153, and 2243(a) are as follows:

| | |
|---|---|
| First: | The defendant knowingly engaged in sexual acts with the victim; |
| Second: | At the time of the sexual acts, the victim had attained the age of 12 years, but had not attained the age of 16 years, and was at least four years younger than the defendant; |

7

Defendant's Initials

Third:      The defendant is an Indian; and

Fourth:     The sexual acts occurred in Indian country within the Northern District of Oklahoma.

For purposes of Count One and Two, 18 U.S.C. § 2246(2) defines "sexual act" as "(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight; (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; . . . or (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

With regard to the factual basis required by Federal Rule of Criminal Procedure 11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea of guilty and relieves the United States of any further obligation to adduce such evidence.

The defendant, **RAYMOND DALE DUDLEY**, admits knowingly, willfully and intentionally committing or causing to be committed the acts constituting the crimes alleged in Counts One and Two in the instant case, and confesses to the Court that the defendant is, in fact, guilty of such crimes.

> I, Raymond Dale Dudley, admit that I knowingly began sexually abusing my daughter, S.D., when she was approximately nine years old and continued to abuse her until she was thirteen years old. S.D. is more than four years younger than me.

8

Defendant's Initials

Specifically, before S.D. turned twelve years old and after S.D. turned twelve years old, I knowingly engaged in sexual acts with S.D. On multiple occasions between 2009 and 2013, I caused contact between S.D.'s mouth and my penis. In addition to S.D. performing oral sex on me, I also performed oral sex on her, using my mouth to contact her vulva. On more than one occasion, between 2009 and 2013, I rubbed my penis against her vulva. I also fondled and touched S.D.'s naked breasts with my hands and mouth on more than one occasion.

In 2013, when S.D. was thirteen years old, my oldest daughter, T.D. reported to police that I had been sexually abusing T.D. I denied the abuse. Prior to child protective services workers interviewing S.D., I warned S.D. not to tell them I was abusing her. I promised S.D. that I would stop abusing her if she did not tell. S.D. did not tell workers about the abuse.

I am an enrolled member by blood of the Cherokee Nation. I sexually abused S.D. at our home in Claremore, Oklahoma, which is within the Northern District of Oklahoma and with the boundaries of the Cherokee Nation reservation, and, therefore, Indian Country.

_____          _____8/19/22_____
RAYMOND DALE DUDLEY                    Date
Defendant

## 12.   Further Prosecution

The United States shall not initiate additional criminal charges against the defendant in the Northern District of Oklahoma that, as of the date of the defendant's acceptance of this agreement, arise from its investigation of the defendant's actions and conduct giving rise to the instant Indictment, save and except crimes of violence and criminal acts involving violations investigated by the United States Internal Revenue Service. The defendant understands, however, that this obligation is subject to all "Limitations" set forth below, and that the United

Revised 02-28-20



Defendant's Initials

States Attorney's Office for the Northern District of Oklahoma is free to prosecute the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not discovered by or revealed to the Government during its investigation or occurring after the date of this agreement.

Specifically, the United States agrees to forego further prosecution in the above-referenced district in reference to the defendant also sexually abusing T.D. between 2009 and 2013.

### 13.    Acceptance of Responsibility

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to

Revised 02-28-20

Defendant's Initials

perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

### 14.   Registration Under the Sex Offender Registration and Notification Act.

Defendant further understands, acknowledges and agrees to the following concerning his sex offender registration: I am required to register and keep my registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current including informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I also understand that if I possess a passport, it will be marked with a unique identifier identifying me as a convicted sex offender. I understand that if I seek to travel outside the United States, I must notify my residence jurisdiction of my travel at least 21 days prior to that travel. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by fine or imprisonment, or both.

11

Defendant's Initials

Defendant further understands that by pleading guilty defendant may become ineligible for certain federal benefits.

**15.   Sentence**

   **a. Imprisonment**

For Count One, the defendant acknowledges that under 18 U.S.C. § 2241(c) the minimum mandatory statutory sentence is 30 years of imprisonment, the maximum statutory sentence of imprisonment is life, with a fine of not more than $250,000.

For Count Two, the defendant acknowledges that under 18 U.S.C. § 2243(a) the maximum statutory sentence is 15 years, with a fine of not more than $250,000.

   **b. Supervised Release**

Additionally, the defendant is aware, if imprisonment is imposed, that the Court may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment of at least five years for Counts One and Two.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally

Revised 02-28-20

Defendant's Initials

authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)). If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3). Accordingly, the original term of imprisonment when combined with any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

### c. Guidelines

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, are advisory. The district courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C.A. § 3553(a). The sentence imposed in federal court is without parole.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing.

13

Defendant's Initials

The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the Sentencing Guidelines calculation. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure. The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge.

16.    **Stipulations**

The defendant and the United States stipulate and agree as follows:

a.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition in this case is a sentence of 480 to 540 months or 40 to 45 years of imprisonment. This stipulated sentence departs downward from the anticipated guideline calculation for the violations to which the defendant is pleading guilty, i.e., life in prison. The parties have considered various factors in fashioning this sentence, including the defendant's rejection of the first plea offer but acceptance of responsibility on the eve of trial, the overwhelming strength of the evidence, judicial economy, the strain of testifying at trial on both S.D. and T.D., and the interests of justice. For these reasons, a sentence of 480 to 540 months or 40 to 45 years of imprisonment, meets the sentencing goals for this type of case and this defendant. The parties agree upon this sentence regardless of any advisory Sentencing Guidelines calculations.

b.  The parties agree to recommend lifetime supervision following release from prison.

Revised 02-28-20

Defendant's Initials

c.   The parties agree that the defendant may withdraw his plea of guilty in the event that the Court rejects the plea agreement.

d.   Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

**17.   Limitations**

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

**18.   Breach of Agreement**

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and

15


Defendant's Initials

documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence. The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5), except for the limited reasons outlined above in this paragraph, and except as provided in Fed. R. Crim. P. 11(c)(1)(C).

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), in the event that RAYMOND DALE DUDLEY, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

16


Defendant's Initials

## 19.    **Conclusion**

No agreements, representations or understandings have been made between the
parties in this case, other than those which are explicitly set forth in this plea
agreement and the Plea Agreement Supplement that the United States will file in this
case (as is routinely done in every case, even though there may or may not be any
additional terms) and none will be entered into unless executed in writing and signed
by all of the parties.

SO AGREED:

CLINTON J. JOHNSON
UNITED STATES ATTORNEY


_____
CHANTELLE DIAL
Assistant United States Attorney

_____
Aug. 23, 2022
Dated


_____
VALERIA LUSTER
Assistant United States Attorney

_____
8|23|2022
Dated


_____
MATTHEW TARVIN
Attorney for Defendant

_____
8/19/2022
Dated


_____
RAYMOND DALE DUDLEY
Defendant

_____
8/19/22
Dated


17

Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____    _8/19/22_____
RAYMOND DALE DUDLEY                     Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines and Policy Statements</u> and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____    _8/19/2022_____
MATTHEW TARVIN                          Dated
Counsel for the Defendant

18

Defendant's Initials